IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3431-M-RJ

| | | |
|---|---|---|
| RANDY L. PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARY LOCKLEAR, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to amend (D.E. 7, 13), for records (D.E. 10), requesting assistance for service of grievance forms (D.E. 14), and for permanent injunction (D.E. 16).

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies before filing a §1983 complaint. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."); Booth v. Churner, 532 U.S. 731, 741 (2001) (noting that exhaustion is required "regardless of the relief offered through administrative procedures."). Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove. See Jones, 549 U.S. at 216; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, "[a] court may sua sponte

2

dismiss" an action where the plaintiff's failure to exhaust administrative remedies is apparent on the face of the complaint. Custis, 851 F.3d at 361 (citing Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005)).

Plaintiff acknowledges that he did not exhaust his administrative remedies before filing suit. (Compl. (D.E. 1) at 8). Accordingly, the court dismisses this action "without prejudice to his right to refile should exhaustion become complete." Germain v. Shearin, 653 F. App'x 231, 232 (4th Cir. 2016).

## CONCLUSION

Based on the foregoing, the court DISMISSES the complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). plaintiff's motions to amend (D.E. 7, 13), for records (D.E. 10), requesting assistance for service of grievance forms (D.E. 14), and for permanent injunction (D.E. 16) are DENIED AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this the 25th day of September, 2023.

Richard E. Myers II
RICHARD E. MYERS, II
Chief United States District Judge

3